UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHANSEN, LISA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PRESLEY, PRISCILLA, an individual; GARIBALDI, NAVARONE, an individual; GRACELAND/ELVIS PRESLEY ENTERPRISES, INC. a Tennessee corporation; CKX, INC. a Delaware corporation and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br>COMPLAINT FOR DAMAGES FOR VIOLATION OF U.S CODE SECTION 1512, LIBEL PER SE, LIBEL, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, CONSPIRACY AND CIVIL PENALTIES |

COMPLAINT

Plaintiff Lisa Johansen ("Plaintiff"), an individual, resident of Sweden, not a public official or a public figure, as and for her complaint against defendants, alleges as follows:

I.   **PARTIES AND VENUE**

1.   At all relevant times, defendant Mrs. Presley, Priscilla, ("Presley") an individual and public figure, a resident of California, was a Director on The Board of

1  Directors for CKX, Inc and Chairperson of Elvis Presley Enterprises, Inc. (1981-1998)
2  (exhibit 9).
3      2.   At all relevant times defendant Mr. Garibaldi, Navarone, ("Garibaldi") an
4  individual and son of Presley, has been a resident of California.
5      3.   At all relevant times, defendant Graceland/Elvis Presley Enterprises, Inc.
6  ("EPE") a Tennessee corporation located in Tennessee, has transacted and continues to
7  transact business throughout the State of Tennessee and Shelby County, EPE is a
8  subsidiary of CKX, Inc.
9      4.   At all relevant times, defendant CKX, Inc. ("CKX") a Delaware
10 corporation has transacted and continues to transact business in the state of Tennessee and
11 Shelby County as owner of operations at Graceland (exhibit 10).
12     5.   Plaintiff is not aware of the true names and capacities of the defendants
13 sued as Does 1 through 100, inclusive, and therefore sues these defendants by such
14 fictitious names. Each of these fictitiously named defendants is responsible in some
15 manner for the activities alleged in this Complaint. Plaintiff will amend this Complaint to
16 add the true names of the fictitiously named defendants once they are discovered.
17     6.   The defendants identified in paragraphs 1 through 5, shall be referred to
18 collectively as "Defendants."
19     7.   Whenever reference is made in this Complaint to any act of any
20 defendant(s), that allegation shall mean that each defendant acted individually and jointly
21 with the other defendants.
22     8.   Any allegation about acts of any corporate or other business defendant
23 means that the corporation or other business did the acts alleged through its officers,
24 directors, employees, agents and/or representatives while they were acting within the
25 actual or ostensible scope of their authority.

9. At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the defendants acted as the agent of the other defendants, and all of the defendants acted within the scope of their agency if acting as an agent of another.

10. At all relevant times, each defendant knew or realized, or should have known, that the other defendants were engaging in or planned to engage in the acts and violations of law alleged in this Complaint. Knowing or realizing that other defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

11. At all relevant times each of the defendants are jointly and severally liable for the acts and violations of law alleged in this Complaint.

12. At all relevant times, Defendants have engaged in a conspiracy, common enterprise and common course of conduct, the purpose of which is and was to engage in the acts and violations of law alleged in this Complaint. This conspiracy and common course of conduct continues to the present.

13. At all relevant times, the substantial part of the unlawful acts and conduct alleged in this complaint occurred in Shelby County.

14. Plaintiff has for a period of time exceeding 20 years put forth claims and collaborating evidence that she has been a victim of fraud and identity theft. In coherence with that claim also that she by birth is the rightful and only person known as Lisa Marie Presley and subsequently that there is a person wrongfully using her identity in public. In 1999, a book was published relating much of Plaintiff's claim in which pictures of Elvis Presley was used as well as his name. Despite this publication Plaintiff has been, upon

request, in contact with Presley's family ever since. The contact, which is documented (exhibit 3-4), took the form of telephone conversations with family members including but not limited to Paul and Ann Beaulieu, Presley's parents; visits, exchanging letters and e-mails and participation at social functions as well as communication with authorities pertaining to subjects of mutual interests, and contact has always been congenial. Because of the underlying claim Plaintiff contacted the Metropolitan Police (exhibit 5) in London in the fall of 2010 to enquire about jurisdiction on identity theft and related unlawful acts, since Presley reportedly had acquired property in England.

15. At all relevant times, Defendants have been aware of Plaintiff's claim and the possible legal consequences of these claims.

16. This matter exceeds the value of $75,000, exclusive of interest and costs.

## II. INTRODUCTION

17. This complaint arises out of the abhorrent, despicable and wrongful actions taken by the Defendants in order to prepare and in sending, on August 16 a letter ("letter")(exhibit 2) by way of counsel Mr. Martin Singer ("Singer"), in response of communication from Plaintiff and Plaintiff's daughter ("daughter") (age 17) concerning misconduct. The letter was by necessity delivered to Plaintiff's daughter.

## III. DEFENDANT'S UNLAWFUL ACTS AS ALLEGED BY PLAINTIFF

18. Defendants have, by means of intimidation and misleading conduct (exhibit 2), with intent to hinder, delay or prevent or attempt to do so, Plaintiff from communicating to a law enforcement officer of the commission or the possible commission of a federal offence (including but not necessarily limited to Fraud in Relation to Identification and Aggravated Identity Theft).

4

19. Defendant Presley, acting within the actual or ostensible scope of her authority as Director of the Board of CKX, commissioned employees of EPE, to follow and record the movement of Plaintiff and her family at Graceland on and about August 16, 2011, and to record and investigate conversations and personal details, in order to be able to intimidate Plaintiff by describing these actions in a show of power, by the letter (exhibit 2) delivered the same day by e-mail. Defendant had no other reason to write it down other than do intimidate. The letter was opened and red by Plaintiff's daughter the same day and thereafter gave it to Plaintiff (exhibit 8). Defendants falsely state that Plaintiff identified herself.

20. In the letter Defendants, in order to intimidate Plaintiff, viscously and maliciously and with reckless disregard for the truth, severely libels Plaintiff. The libelous statements in the letter includes but is not limited to:

a) "her lies, fraud and delusions".

b) "Nothing she says can be believed".

c) "impersonated Lisa Marie Presley in 1992".

d) "unlawfully gain access to private areas of Graceland".

e) "lied to Graceland personnel".

f) "unlawfully enter the private room of Delta Briggs".

g) "seen on surveillance video after removing items from the property".

h) "[name of Plaintiff omitted]'s false claim to be a lawyer in Sweden".

i) "[name of Plaintiff omitted]'s lack of credibility".

j) "her fraudulent and/or delusional conduct are her claim to be a lawyer in Sweden".

k) Claim to be a Swedish lawyer is yet another fabrication in a long series of lies".

## IV. THE FALSITY OF DEFENDANTS' LIBELOUS STATEMENTS

21. Due to the large amount of false and libelous statements stated by Defendants, Plaintiff chooses to only refute the falsity as put forth in paragraph 20-21. This is not intended as an indirect, or otherwise, confirmation of the veracity of remaining false and libelous statements.

22. Plaintiff has a Degree of Masters of Laws (exhibit 1) from Uppsala University and is, pursuant to the Swedish Ordinance (2007:386) (exhibit 6) eligible for appointment as a judge and thereby eligible to act as a lawyer pursuant to the Swedish Code of Judicial Procedure Chapter 21, Section 5, which states:

> "Only an advocate, who is considered suitable for the assignment, shall be appointed as public defence counsel. For special reason, another suitable person whose qualifications make him eligible for appointment as a judge may be appointed public defence counsel."

Furthermore the term "jurist" which is short for Master of laws, translates to lawyer according to Swedish-English dictionaries (exhibit 7).

23. Plaintiff, as acting Chairperson of EPE, knew at the time that Plaintiff in 1992 made a legitimate visit, being herself, to Graceland by invitation of Delta Briggs, without any display of any aggravated disagreement or accusations of any kind, as supported by the material facts of the visit; Plaintiff passed through thorough security, her arrival was announced. Mrs. Briggs was pleased with Plaintiff's visit. No police report of any alleged intrusion was filed, no law enforcement or any security disrupted the social call at any time, nor was Plaintiff apprehended when leaving the country on account of any alleged offence.

**FIRST CAUSE OF ACTION** (Violation of U.S. Code Title 18, section 1512)

24. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 23 as is fully set forth herein.

25. Defendants, fully aware of Plaintiff's claim of identity theft and fraud, willfully and with intent and a blatant contempt of rule of law, intimidated, or attempted to intimidate Plaintiff, in order to hinder or prevent Plaintiff from possibly reporting to a law officer the alleged crimes perpetrated against her. By brute showing of power and affluence of resources and by a ruthless tone, misleading conduct and implied threat, Defendants intended to convey that Plaintiff could not prevail with her claim and that if she would not retract her claim, it would be at her peril.

26. Defendants have at various times, in various combinations, conspired with each other, to plan and execute the acts as alleged in this Complaint.

27. Defendants' unlawful actions put Plaintiff is a state of shock, fear and disbelief and great emotional distress.

28. Defendants' actions were outrageous, extreme and intentional and the apparent disregard for the rule of law intimidating and have caused Plaintiff emotional distress in an amount in excess of $130,000,000.00.

**SECOND CAUSE OF ACTION** (Libel per se against Defendants)

29. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 28 as is fully set forth herein.

30. Defendants issued false and libelous statements as set forth in paragraph 18 to Plaintiff's daughter and her daughter's counsel.

31. Defendants knew that the statements were false when made and the Defendants acted negligently, maliciously and with reckless disregard for the truth in

making those statements. The libelous statements were made with actual malice and intentionally defamatory.

32. The defendants through dishonest and improper means issued false and libelous statements as part of their obvious strategy to dissuade and/or prevent, by intimidation, Plaintiff from making any report to law enforcement.

33. The August 16 letter was defamatory on its face.

34. Each of the Defendants is liable to Plaintiff for damages related to this intentional defamation and infliction of harm and emotional distress.

35. As a proximate result of Defendant's defamatory statements Mrs. Johansen has suffered special damages exceeding $360,000.00. Those damages include lost income of $30,000.00; personal property losses of $100,000.00; loss of good will of $200,000.00; and expenses as a result of the libel of $30,000.00.

36. Defendant's actions were outrageous, extreme and intentional as it purposely targeted Plaintiff as a mother, caretaker, profession and the very substance of her being and exposed Plaintiff to contempt and disregard and caused Plaintiff severe emotional distress in an amount in excess of $10,000,000.

**THIRD CAUSE OF ACTION (Libel against Defendants)**

37. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 36 as is fully set forth herein.

38. Defendants issued false and libelous statements as set forth in paragraph 18 to Plaintiff's daughter and her daughter's counsel.

39. Defendants knew that the statements were false when made and the Defendants acted negligently, maliciously and with reckless disregard for the truth in

making those statements. The libelous statements were made with actual malice and intentionally defamatory.

40. The defendants through dishonest and improper means issued false and libelous statements as part of their obvious strategy to dissuade and/or prevent, by intimidation, Plaintiff from making any report to law enforcement.

41. Each of the Defendants is liable to Plaintiff for damages related to this intentional defamation and infliction of harm and emotional distress.

42. As a proximate result of Defendant's defamatory statements Mrs. Johansen has suffered special damages exceeding $360,000.00. Those damages include lost income of $30,000.00; personal property losses of $100,000.00; loss of good will of $200,000.00; and expenses as a result of the libel of $30,000.00.

43. Defendant's actions were outrageous, extreme and intentional as it purposely targeted Plaintiff as a mother, caretaker, profession and the very substance of her being and exposed Plaintiff to contempt and disregard and caused Plaintiff severe emotional distress in an amount in excess of $10,000,000.

**FORTH CAUSE OF ACTION (Intentional infliction of emotional distress against Defendants)**

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 as is fully set forth herein.

45. Defendants acted intentionally defamatory and with actual malice to dissuade and/or prevent Plaintiff making any report to law enforcement.

46. Defendant's abuse of position and relationship with Plaintiff's daughter to strike at Plaintiff and the precious bond of mother-daughter is extremely viscous.

47. Each of the defendants is liable to Plaintiff for damages related to this intentional defamation and infliction of harm and emotional distress.

48. The acts of the Defendants as alleged herein were done with the intent to cause severe emotional distress to Plaintiff and to dissuade and/or prevent Plaintiff from making any report to law enforcement.

49. The acts were done when Plaintiff was in a particularly sensitive and vulnerable state. Plaintiff was struck by emotional shock by the malicious statements and their intended cruelty. After experiencing over ten years of amiable contact and shared concerns with the family, the viciousness of the defendant's acts put Plaintiff in a state of severe emotional distress and disbelief as to incapacitate her to run her daily life.

50. Defendant's actions were outrageous, extreme and intentional and with blatant disregard for the rule of law. It caused Plaintiff irreparable damage in her relations with her daughter and caused Plaintiff extreme emotional distress in an amount in excess of $10,000,000.

**FIFTH CAUSE OF ACTION (Conspiracy by Defendants)**

51. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 50 as is fully set forth herein.

52. On information and belief Plaintiff alleges that at various times, in various combinations the Defendants conspired with each other to engage in the acts as alleged in this Complaint. The purpose of this conspiracy has been to:

(a) Intimidate and scare Plaintiff to hinder, delay or prevent Plaintiff from making a possible report to law enforcement.

(b) Undermine the character and credibility of the Plaintiff.

(c) Undermine Plaintiff's self esteem and belief in her own capacity.

(d) Share information with each other in furtherance of their goals.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, prays for relief as follows:

1. Under the first cause of action for violation of U.S. Code Title 18, section 1512, general damages in excess of $130,000,000.00 or whatever the court deems appropriate and punitive damages to be determined at trial by discretion of the court.

2. Under the second Cause of Action for Libel Per Se against Defendants, special damages in excess of $360,000.00, general damages in excess of $10,000,000.00 or whatever the court finds appropriate and punitive damages to be determined at trial by discretion of the court.

3. Under the Third Cause of Action for Libel against Defendants, special damages in excess of $360,000.00, general damages in excess of $10,000,000.00 or whatever the court finds appropriate and punitive damages to be determined at trial by discretion of the court.

4. Under the Forth Cause of Action for the Intentional Infliction of Emotional Distress against Defendants, general damages in excess of $10,000,000.00 or whatever the court finds appropriate and punitive damages to be determined at trial by discretion of the court.

5. Under the Fifth Cause of Action Conspiracy, damages according to prayer for relief paragraphs 1-4.

JURY DEMAND

Plaintiff demands trial by jury.

Nov. 16. 2011

*Lisa Johansen* (signature)

Lisa Johansen

Master of Laws

LJ:bm

**LIST OF EXHIBITS**

1. Diploma of the Degree fo Masters of Laws.

2. Excerpts of Letter of August 16, 2011.

3. Letter from Ann and Paul Beaulieu.

4. Envelope in which exhibit 3 was delivered.

5. Document from Metropolitan Police, London, UK.

6. Swedish Ordinance (2007:386) on the qualification requirements for Judges etc.

7. Dictionaries, lawyer – jurist.

8. E-mail upon receiving the letter.

9. CKX Investor Relations, Board of Directors.

10. CKX Investor Relations, Company Overview.

Lisa Johansen
Mjölnarvagen 3
SE-193 33 SIGTUNA
Sweden

e-mail: exceptio@europe.com
Fax:   +46 8 592 50024



**Sweden Post**

**TULLDEKLARATION CUSTOMS DECLARATION CN22**
Får öppnas av Posten/Tull
May be opened officially

Riv av här om en tulldeklaration medföljer. Om inte - fyll i etiketten.

| | | |
|---|---|---|
| ☒ Dokument/Documents | | |
| ☐ Gåva/Gift | | |
| ☐ Varuprov/Commercial sample | | |

| Antal och detaljerad beskrivning av innehåll/ Quantity and detailed description of contents | Vikt/ Weight (in kg) | Värde/ Value SEK |
|---|---|---|
| | 24 | 0 |

| HS tariffnummer och ursprungsland (ISO-kod) anges för försändelser med kommersiellt innehåll. For commercial items, HS tariff number and country of origin of goods | Total vikt/ Total weight (in kg) | Totalt värde/ Total value SEK |

Jag som är avsändare av denna försändelse, vars namn och adress finns på försändelsen, försäkrar att innehållet är korrekt beskrivet och att försändelsen inte innehåller farligt gods eller artiklar som är förbjudna att postbefordra enligt lag eller andra bestämmelser.

I, the undersigned, whose name and address are given on the item, certify that the particulars given in this declaration are correct and that this item does not contain any dangerous article or articles prohibited by legislation or by other regulations.

Datum och avsändarens namnteckning/Date and sender's signature

16/11-11

BI 2013.11 (jun 07)

BI 2112.94 (apr 99)

**Exprès**

LX10 664 899 2 SE

ATTEMPTED DELIVERY
PICK UP

DISTRICT COURT
THE CLERK'S OFFICE
ROOM 242, FEDERAL BUIL
167 NORTH MAIN STREET
MEMPHIS, TN 38103

2011 -11- 16