```
                   IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TENNESSEE
                             WESTERN DIVISION
```

|                             |   |                      |
|---|---|---|
| LISA JOHANSEN,              | ) |                      |
|                             | ) |                      |
|       Plaintiff,            | ) |                      |
|                             | ) |                      |
| vs.                         | ) | No. 11-3036-JTF-dkv  |
|                             | ) |                      |
| PRISCILLA PRESLEY,          | ) |                      |
| NAVARONE GARIBALDI,         | ) |                      |
| ELVIS PRESLEY ENTERPRISES, INC., | ) |                |
| and CKX, INC.               | ) |                      |
|                             | ) |                      |
|       Defendants.           | ) |                      |
|                             | ) |                      |

```
                       REPORT AND RECOMMENDATION ON
    MOTION OF CORE MEDIA GROUP AND ELVIS PRESLEY ENTERPRISES, INC. TO
            DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT
```

Before the court is the December 5, 2012 motion of the two corporate defendants, Core Media Group f/k/a CKX, Inc. ("CKX") and Elvis Presley Enterprises ("EPE"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the remaining state-law claims in the amended complaint, specifically Counts II, III, IV, and V, for failure to state a claim upon which relief can be granted, or, in the alternative, for summary judgment pursuant to Rule 56.  (D.E. 38.)  Johansen filed a response in opposition, (D.E. 39), and CKX and EPE filed a reply, (D.E. 41).  This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.  (Order of Referral, D.E.

60.)  For the reasons that follow, it is recommended that CKX and EPE's motion be granted.

PROPOSED FINDINGS OF FACT

For purposes of this motion to dismiss, the court accepts the following facts as true:

On November 21, 2011, the plaintiff, Lisa Johansen, then a resident of Sweden, filed a *pro se* complaint entitled "Complaint for Damages for Violation of U.S. Code Section 1512, Libel per se, Libel, Intentional Infliction of Emotional Distress, Conspiracy, and Civil Penalties."  (D.E. 1.)  Named as defendants were Core Media Group f/k/a CKX, Inc. ("CKX"), Elvis Presley Enterprises ("EPE"), Priscilla Presley, and Navarone Garibaldi.  The original complaint sets forth five causes of action: (1) violation of U.S. Code Title 18, Section 1512; (2) libel per se; (3) libel; (4) intentional infliction of emotional distress; and (5) conspiracy. Johansen paid the filing fee, and summonses were provided to her on November 22, 2011.  On December 28, 2011, Johansen filed a motion to amend her complaint to correct a one-word mistake in paragraph 23, which motion the court granted on February 14, 2012.  Johansen filed her amended complaint on March 7, 2012.  (Am. Compl., D.E. 16.)

Johansen claims that the she is the "real" Lisa Marie Presley and that she has been the victim of fraud and identity theft for more than twenty years:

> Plaintiff has for a period of time exceeding 20 years put forth claims and collaborating evidence that she has been a victim of fraud and identity theft. In coherence with that claim also that she by birth is the rightful and only person known as Lisa Marie Presley and subsequently that there is a person wrongfully using her identity in public. In 1999, a book was published relating much of Plaintiff's claim in which pictures of Elvis Presley was [sic] used as well as his name. Despite this publication Plaintiff has been, upon request, in contact with Presley's family ever since.

(Am. Compl., D.E. 16 ¶ 14.) This lawsuit arises from a letter, dated August 16, 2011, written by Martin Singer, a California attorney, addressed to Michael Maroko, Esq., a California attorney allegedly representing all the defendants, responding to a claim asserted by Johansen's daughter, Emma Love Presley, concerning treatment she received while visiting Graceland with her mother, Johansen, around the anniversary of Elvis's death in August of 2011. As Johansen states in her complaint:

> This complaint arises out of the abhorrent, despicable and wrongful actions taken by the Defendants in order to prepare and in sending, on August 16 a letter ("letter")(exhibit 2) by way of counsel Mr. Martin Singer ("Singer"), in response of communication from Plaintiff and Plaintiff's daughter ("daughter") (age 17) concerning misconduct. The letter was by necessity delivered to Plaintiff's daughter.

(Am. Compl., D.E. 16 at 4.) Attached to the original complaint is a heavily redacted copy of the letter. (Ex. 2 to Compl., D.E. 1-2.)

Johansen alleges that "[t]he letter was opened and red [sic] by Plaintiff's daughter the same day and thereafter gave it to Plaintiff." (Am. Compl., D.E. 16 at 5.) Johansen alleges that

3

the "defendants issued false and libelous statements . . . to Plaintiff's daughter and her daughter's counsel." (*Id*. at 7-8.) She further states that "the substantial part of the unlawful acts and conduct alleged in this complaint occurred in Shelby County." (*Id*. at 3.) Johansen alleges that the letter caused her severe emotional distress, (*id*. at 8), and she seeks special damages in excess of $360,000, and/or general damages in excess of $10,000,000, and punitive damages for each of the four remaining tort claims, (*id*. at 11).

On February 28, 2012, CKX and EPE filed a motion to dismiss for ineffective service of process and for failure to state a claim. By order dated June 14, 2012, the court found that Johansen had not properly served CKX and EPE and ordered Johansen to serve them within sixty days of the date of the order. (Order, D.E. 33.) The court also dismissed with prejudice Johansen's first cause of action, violation of 18 U.S.C. § 1512, a federal criminal statute that prohibits tampering with witnesses, victims, and informants, because the criminal statute did not give rise to a private civil cause of action. (*Id*.) The court denied CKX's and EPE's motion to dismiss the four remaining tort causes of action without prejudice because the motion did not address choice-of-law issues and did not identify the substantive law to be applied.

CKX and EPE have now renewed their motion to dismiss the four remaining state-law claims for failure to state a claim upon which

4

relief can be granted. Attached to CKX and EPE's motion is the Declaration of Jonathan Seiden who is the Vice President and Director of Intellectual Property of CKX and counsel for EPE. (Seiden Decl., D.E. 38-3). Seiden states under oath that it is his understanding that "Lisa Johansen retained the California law firm of Allred, Maroko & Goldberg to assert a claim against Navarone Garibaldi who is the son of Priscilla Presley;" that Garibaldi retained Singer to act as his attorney and to respond to Johansen's demand; and that Singer was not retained by or acting on behalf of CKX and EPE when he sent the August 16, 2011 letter. (*Id.*)

Attached to Johansen's response to the motion to dismiss is a Declaration of Facts by Miss Emma Love Johansen, the daughter of the plaintiff. (Emma Johansen Decl., D.E. 39-4.) In her declaration, Emma Love Johansen confirms, under penalty of perjury, that Maroko, acting as her attorney, sent a letter on August 3, 2011, to Garibaldi; that Singer, an attorney, answered Maroko's letter with his letter of August 16, 2011, which she received by e-mail while in Memphis, Tennessee; that Maroko sent the letter to her and only her; and that after reading the e-mail she felt "obligated to, against [her] will, hand it over to [her] mother since it also was addressed to her and also since the letter contained matters concerning [her] mother." (Emma Johansen Decl., D.E. 39-4, at 2-3.) Attached to the original complaint is an e-mail string which reflects an e-mail from Chris Weddell on behalf

5

of Singer to Maroko on August 16, 2011 at 4:34 p.m. with a letter attached; an e-mail from Maroko forwarding the letter to Emma Johansen on August 16, 2011 at 5:13 p.m.; and an email from Emma Johansen to Maroko on August 17, 2011 at 3:16 a.m. acknowledging receipt of the letter and stating "Ok thank you! I will have mother to read it right away." (Ex. 8 to Compl., D.E. 1-8.)

## II. PROPOSED CONCLUSIONS OF LAW

As grounds for their motion to dismiss, CKX and EPE assert that Johansen's complaint fails to state a claim against them because, as a result of the litigation privilege, they have absolute immunity from the remaining claims asserted against them, and, in addition, Johansen's complaint fails to allege that any of the defendants published the alleged defamatory statement. In the alternative, CKX and EPE seek summary judgment on the same grounds, and, in addition, assert that neither of them can be held vicariously liable for alleged defamatory statements contained in a letter from an attorney who did not represent them.

### A. Standard for Dismissal under Rule 12(b)(6)

To survive Rule 12(b)(6) dismissal following the United States Supreme Court's opinions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir.

2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(internal quotation marks omitted). However, even though Johansen is proceeding *pro se*, according to her complaint she "has a Degree of Masters of Laws from Uppsala University and is . . . eligible to act as a lawyer" under Swedish law. (Am. Compl., D.E. 16 ¶ 22.) In addition, *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v.*

*Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.")

B.  Choice of Law

Because this case is in federal court, the threshold question the court must resolve to decide this motion is what substantive law applies.  CKX and EPE insist that California law should be applied to determine if the litigation privilege provides absolute immunity to the defendants.  Johansen argues that Tennessee law should apply because the injury occurred in Memphis, Tennessee, where both she and her daughter were "located when the injury occurred and the libel about Plaintiff was published to Plaintiff's daughter."[1]  (Pl.'s Mem. of Law in Supp. of Pl's Mot. to Strike

---

[1] None of the parties argue for the application of Swedish law.  "A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing."

8

D.E. 39-2 at 9.)

Jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. In a conflict-of-laws analysis in a diversity case, a federal court applies the choice-of-law rules or conflict rules of the forum state, in this case, Tennessee. *Cole v. Mileti*, 133 F.3d 433, 437 (6th Cir. 1998)(citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). In tort personal injury actions, Tennessee adheres to the "most significant relationship" approach, which provides: "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship." *Hataway v. McKinley*, 830 S.W.2d 53, 59 (Tenn. 1992). In determining which state has the most significant relationship, Tennessee courts consider seven principles: (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability, and uniformity of result, and (g) ease in the determination and

---

FED. R. CIV. P. 44.1. The court is therefore under no obligation to apply Swedish law. *Commercial Ins. Co. of Newark v. Pac.-Peru Constr. Corp.*, 558 F.2d 948, 952 (9th Cir. 1977).

9

application of the law to be applied. *Id.* n.3; *Arvest Bank v. Byrd*, 814 F. Supp. 2d 775, 789-90 (W.D. Tenn. 2011). "Contacts to be taken into account in applying these principles include: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* "These contacts are to be evaluated according to their relative importance with respect to the particular issue." *Id.*

The particular issue in question in this motion is the application of the litigation privilege between two California attorneys. Johansen does not indicate in her complaint where the alleged injury to her occurred, that is, where she was when she read the August 16, 2011 letter from Singer. In her response to the motion, Johansen claims that she and her daughter were in Memphis, Tennessee, when "the injury occurred and the libel about [her] was published to her daughter." (Pl.'s Mem. of Law in Supp. of Pl's Mot. to Strike, D.E. 39-2 at 9.) CKX and EPE do not dispute this but insist that the place of injury bears little relationship to the application of the litigation privilege. The court agrees.

Likewise, the residence, nationality, and domicile of the parties bears little relationship to the application of the

litigation privilege.  In her complaint, Johansen asserts she is a resident of Sweden but does not indicate her nationality or domicile.[2]  Defendants Presley and Garibaldi are residents of California, defendant EPE is a Tennessee corporation, and CKX is a Delaware corporation.

The relationship of the parties for purposes of this lawsuit is centered in California through Maroko, Johansen's daughter's attorney, and Singer, Garibaldi's attorney.  Although Johansen argues in her response to the motion to dismiss that the parties' relationship is centered in Memphis, Tennessee, at Graceland, (Pl.'s Mem. of Law in Supp. of Pl's Mot. to Strike, D.E. 39-2 at 10), the declaration of Johansen's daughter submitted in support of her response states that the issue between Garibaldi and her has nothing to do with "any Graceland issue" or with "CKX or EPE, Inc." (Emma Johansen Decl., D.E. 39-4 at 1.)

The alleged tortious conduct that forms the basis for Johansen's defamation and libel claims occurred in California. Maroko, a California attorney, was retained to represent Johansen's daughter to assert a claim against Garibaldi, a California resident.[3]  Maroko wrote a letter to Garibaldi on August 3, 2011, and Garibaldi retained a California lawyer, Singer, to write a

---

[2] In a recent hearing, Johansen stated to the court that her passport is issued by Finland.

[3] The court assumes that Johansen retained Maroko to represent her daughter, Emma Love Johansen, who was a minor at the time.

11

response to the letter. Singer sent the response letter on behalf of Garibaldi to Maroko via email on August 16, 2011. The place where the alleged tortious conduct occurred has the most significant relationship to the issue at hand, i.e, the application of the litigation privilege.

Based on an analysis of these contacts, California has the most significant relationship to the issue of the application of the litigation privilege. Application of California law on the litigation privilege would be consistent with the public policies of both Tennessee and California, both of which recognize the litigation privilege, and would be consistent with the justified expectations of two California attorneys who communicated with each other in the state of California. Accordingly, the court will apply the substantive law of the state of California as to the litigation privilege.

C. <u>The Litigation Privilege</u>

Under California law, the litigation privilege is codified at California Civil Code § 47, subdivision b,[4] which "states the long-established rule that publications made in the course of a judicial proceeding are absolutely privileged." *Berman v. RCA Auto Corp.*, 177 Cal. App. 3d 321, 323-25 (Cal. Ct. App. 1986). According to Section 47(b), "a privileged publication or broadcast is one made in (1) any legislative proceeding, (2) judicial proceeding, (3) in

---

[4] For convenience, the statute will be referred to as Section 47(b).

12

any other proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law." Cal. Civ. Code § 47(b). The privilege is absolute; it creates an immunity. *Silberg v. Anderson,* 50 Cal.3d 205, 215 (Cal. 1990); *Berman*, 177 Cal. App. 3d at 323-25. For the privilege to apply, the party claiming the privilege must show the communication was (1) "made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that [it has] some connection or logical relation to the action." *Silberg,* 50 Cal.3d at 212.

As to the first factor, the litigation privilege extends to statements made prior to a lawsuit. *Hagberg v. Cal. Fed. Bank FSB*, 81 P.3D 244, 249 (Cal. 2004)(recognizing the application of the privilege to statements made in preparation for or considering litigation); *Silberg*, 50 Cal. 3d at 216 (recognizing application of the privilege to communications outside the courtroom); *Hagendorf v. Brown*, 699 F.2d 478, 480 (9th Cir. 1983)(applying privilege to alleged defamatory statements set forth in letters sent by attorney prior to litigation or any judicial proceeding). Here, Johansen alleges in her complaint that Singer, a California attorney representing the defendants, sent the August 16, 2011 letter in response to claims made by her daughter through Maroko, her daughter's attorney. The first *Silberg* prong is satisfied.

The other *Silberg* prongs are satisfied as well. The

13

communication, the August 16, 2011 letter, was made by Singer, an attorney, authorized to send the letter on behalf of his client, Garibaldi, and the communication logically related to a written complaint of misconduct and threatened litigation by Emma Love Johansen against Garibaldi, Singer's client, and the alleged defamatory statements were made to achieve the objects of the litigation. "California courts apply a liberal standard for establishing the required relationship." *Hagendorf*, 699 F.2d at 480. "Doubts are resolved in favor of relevancy." *Id.* Here, the alleged defamatory statements about the background and history of Johansen, the mother of the minor child, Emma Love Johansen, was relevant to any claim that Emma Love Johansen might assert against Garibaldi, who according to Johansen, is her half-brother. The statements were pertinent to dissuading Maroko from pursuing any claim against Garibaldi and the other defendants and avoiding any claim against Johansen, the mother of Emma Love Johansen. Accordingly, the court concludes that the California litigation privilege applies to the August 16, 2011 communication from Singer to Maroko, and the defendants are immune from suit based on the alleged defamatory statements made in the August 16, 2011 letter from Singer.

The litigation privilege applies to all tort causes of action, not just defamation, except the tort of malicious prosecution. *Hagberg,* 81 P.3d at 247. Thus, the privilege applies not only to

14

Johansen's causes of action for libel, but also to Johansen's claims for intentional infliction of emotional distress and civil conspiracy. *Silberg*, 50 Cal.3d at 215 (recognizing the application of the litigation privilege to claims of intentional infliction of emotional distress); *Steiner v. Eikerling*, 181 Cal. App. 3d 639, 643 (Cal. Ct. App. 1986) recognizing that "the privilege contained in section 47 . . . is an absolute defense to a cause of action in tort which does not sound in malicious prosecution, including 'Civil Conspiracy'"). Accordingly, the court concludes that the defendants in this lawsuit have absolute immunity from suit for the claims of libel, intentional infliction of emotional distress, and civil conspiracy set forth in Johansen's complaint.[5]

D. <u>Lack of Publication of the Alleged Defamatory Statement</u>

In order to state a claim for defamation under California law, a plaintiff must show the intentional publication of "a statement of fact by the defendant that is false, unprivileged, and has a natural tendency to injure or which causes special damage." *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (Cal. Ct. App. 1999). Publication is defined as "communication to some third person who

---

[5] If the court were to apply Tennessee substantive law on the litigation privilege, the result would be the same. *See Jones v. Trice*, 360 S.W.2d 48, 54 (Tenn. 1962)(holding that a fair statement of the rule on litigation privilege in Tennessee to be "that statements made in the course of a judicial proceeding, if pertinent or relevant, are absolutely privileged, and this is true regardless of whether they are malicious, false, known to be false, or against a stranger to the proceeding"). "Relevance in libel cases means reasonably relevant to the judicial proceedings." *Id*.

15

understands the defamatory meaning of the statement and its application to the person to whom reference is made." *Id.* Johansen fails to allege in her complaint that any of the defendants published the August 16, 2011 letter to a third person. Rather, in response to the motion to dismiss, Johansen has come forward with the declaration of her daughter that states Maroko, her daughter's attorney, sent a letter on August 3, 2011 to Garibaldi; that Singer, an attorney acting on behalf of Garibaldi, answered Maroko's letter with his letter of August 16, 2011; that Maroko sent Singer's letter to her daughter and only her; and that after reading the email her daughter gave Singer's letter to Johansen to read. Thus, Johansen acknowledges that it was her daughter's own attorney who sent the allegedly defamatory letter to her daughter, and it was her daughter who published the allegedly defamatory letter to her. The publication of the communication to Johansen's daughter by her daughter's attorney, and the publication by her daughter to her is not sufficient to satisfy the element of publication in a defamation action; the publication must be made by the defendant. *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1284 (Cal. Ct. App. 1991). Accordingly, the court concludes that Johansen has failed to state claims based on defamation against the defendants.[6]

---

[6] If the court were to apply Tennessee substantive law on defamation, the result would be the same.

III. RECOMMENDATION

It is therefore recommended that CKX's and EPE's motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim be granted and the complaint against CKX and EPE be dismissed with prejudice.[7]

Respectfully submitted this 27th day of June, 2013.

S/ Diane K. Vescovo
Diane K. Vescovo
United States Magistrate Judge

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[7] For purposes of deciding the motion to dismiss with respect to the litigation privilege, the court treated as true Johansen's allegation that Singer sent the August 16, 2011 on behalf of all the defendants. Because it is recommended that the motion to dismiss be granted, the court has not addressed CKX's and EPE's alternative motion for summary judgment based on their assertions that Maroko was not their attorney. Sedien states in his affidavit that Singer was not retained by or acting on behalf of CKX and EPE when he sent the August 16, 2011 letter, and Johansen has produced no evidence to the contrary. Therefore, Singer was not the agent of CKX and EPE, and CKX and EPE cannot be held vicariously liable for Singer's action. *See Johnson v. LeBonheur Children's Med. Ctr.*, 74 S.W.3d 338, 346 (Tenn. 2002)(discussing law of agency in general and recognizing that in order for principal to be vicariously liable, an agency relationship must exist).