IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LISA JOHANSEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:11-cv-03036-JTF-dkv |
| | ) |
| PRISCILLA PRESLEY, NAVARONE | ) |
| GIRABALDI, ELVIS PRESLEY | ) |
| ENTERPRISES, INC., and CKX, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**ORDER GRANTING DEFENDANTS CORE MEDIA GROUP'S AND ELVIS PRESLEY ENTERPRISES' MOTION TO DISMISS**
**ORDER DENYING DEFENDANTS CORE MEDIA GROUP'S AND ELVIS PRESLEY ENTERPRISES' MOTION FOR SUMMARY JUDGMENT AS MOOT**
**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE**

Before the Court is Defendants Core Media Group's f/k/a CKX, Inc. ("CKX") and Elvis Presley Enterprises' ("EPE") Motion to Dismiss, or, in the Alternative, for Summary Judgment, pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56, respectively, filed on December 5, 2012. (D.E. #38). On December 19, 2012, Plaintiff Lisa Johansen filed her Response in Opposition to Defendants' Motion and also her Motion to Strike Defendants' Motion. (D.E. #39). Defendants filed a Response to Plaintiff's Motion to Strike, on December 28, 2012. (D.E. #40). Defendants also filed a Reply in Further Support of their Motion to Dismiss or for Summary Judgment, on January 2, 2013. (D.E. #41). On June 4, 2013, Defendants' Motion was referred to the Magistrate, pursuant to 28 U.S.C. §§ 631-39. (D.E. #60). On June 27, 2013, the Magistrate entered her Report and Recommendation recommending Defendants' Motion to

1

Dismiss or Summary Judgment be granted. (D.E. #80). Plaintiff filed her Objections to the Magistrate's Report and Recommendation, on July 3, 2013. (D.E. #86).

The Court has reviewed the Magistrate Judge's Report and Recommendation, the Magistrate's legal analysis, Defendants' Motion, Plaintiffs' Response, Plaintiffs' Objections, and the entire record. Finding the Magistrate's analysis of the relevant case authorities and application of facts persuasive, the Court hereby ADOPTS the Magistrate's Report and Recommendation. Thus, Defendants CKX's and EPE's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED. Defendants' Motion for Summary Judgment, pursuant to Fed. R. Civ. P., is DENIED as MOOT. Furthermore, Plaintiff's Motion to Strike is DENIED.

## I.     LEGAL STANDARD

A district judge has the discretion to refer dispositive matters to a magistrate judge to conduct a hearing and propose findings of fact and recommendations. 28 U.S.C. § 636(b)(1)(B) ("[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of court, of any motion excepted in subparagraph (A) [for which a motion to dismiss or quash an indictment or information made by the defendant is included]"). The district court judge has the authority to review the magistrate judge's proposed findings of fact and recommendations under a de novo determination. *See* 28 U.S.C. § 636(b)(1)(C); *See e.g. Baker v. Peterson*, 67 Fed.App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."); *U.S. v. Raddatz*, 447 U.S. 667,676 (1980) (quoting Matthews v. Weber, 423 U.S. 261, 275 (1976) ("in providing for a 'de novo determination' Congress intended to permit

whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")

## II. ANALYSIS

### A. Magistrate Judge properly recommended that Defendants CKX's and EPE's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss should be granted

The Magistrate properly recommended that Defendants CKX's and EPE's Motion to Dismiss Plaintiff's Counts II, III, IV, and V, for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), should be granted. Furthermore, the Court believes the Court properly found that: (1) California law applies in this case; (2) the litigation privilege stating "the long-established rule that publications made in the course a judicial proceeding are absolutely privileged," Cal. Civ. Code § 47(b), applies in this case; and (3) Plaintiff fails to establish the necessary publication element to prove her alleged defamation claims against Defendants.

Plaintiff filed her Objection to the Magistrate's Report and Recommendation on July 3, 2013. (D.E. #80). Because of the history and number of motions filed in this case, the Court finds it necessary to address each of Plaintiff's objections individually. First, Plaintiff objects to the Magistrate's recommendation that the litigation privilege exists, because Plaintiff argues that no lawful client relationship existed between the Defendants and Defendant Navarone Garibaldi's attorney Martin Singer. However, as explicated in the footnote 7 of the Magistrate's Report and Recommendation,

> For purpose of deciding the motion to dismiss with respect to the Litigation privilege, the court treated as true [Plaintiff's] allegation that Singer sent the August 16, 2011 [letter] on behalf of ***all the defendants***. Because it is recommended that the motion to dismiss be granted, the court has not addressed [Defendants'] alternative

3

>>motion for summary judgment based on their assertions that [Singer] was not their attorney.

(D.E. #80, p. 17)(emphasis added).

Therefore, taking the facts in the light most favorable to Plaintiff, the Magistrate proceeded through the proper analysis to find that the litigation privilege, under California law, applies in this case. The Court is perplexed by Plaintiff's new contentions that suggests that Defendants had no attorney-client relationship with Mr. Singer.  In Plaintiff's Response to Defendant's Motion to Dismiss or for Summary Judgment, she states that "Defendant have admitted to having the defamatory letter written by Mr. Singer on their behalf, and also repeatedly confessed that it was sent by Mr. Singer directly to Plaintiff's daughter."  (D.E. #39-2, ¶ 10).  However, in Plaintiff's Objections she argues that, "[t]he conclusion that litigation privilege applies is erroneous since there exists no *lawful* client relationship between the Defendants and Mr. Singer."  (D.E. #85, p. 1).

Although Plaintiff raises the lack of lawful client relationship argument for the first time, the Court will address Plaintiff's Objection.  Plaintiff is correct; there is no attorney-client relationship between Mr. Singer and Defendants CKX and EPE.  Defendants CKX and EPE were not parties to Mr. Singer's August 16, 2011 letter to Plaintiff's daughter, and, thus, are not liable for the alleged acts that are connected to the letter.  As the Magistrate appropriately stated in her Report and Recommendation, "Singer was not the agent of CKX and EPE, and CKX and EPE cannot be held vicariously liable for Singer's action."  (D.E. #80, p. 17 n. 7).  Consequently, Plaintiff's objection to the Magistrate's findings regarding the litigation privilege is overruled.

Second, Plaintiff argues that the Magistrate's findings are premature because her Motion for Leave to Amend (D.E. #65) had not been ruled upon yet. After the Magistrate filed her

Report and Recommendation, but before this Court examined the Magistrate's findings, the Magistrate filed an Order Denying Plaintiff's Motion. (D.E. #91). Thus, Plaintiff's Objection is overruled as moot.

Third, Plaintiff contends that the Magistrate did not adhere to the proper legal standard for a motion to dismiss. Plaintiff argues that the facts were not construed in the light most favorable to her. Additionally, she argues that she has been unable to file important information that would corroborate her Complaint. The Court assumes that Plaintiff is referring to the Magistrate's Order Denying Plaintiff's Motion to Amend Factfinding and Judgment. (D.E. #70). Plaintiff correctly asserts the standard for a Fed. R. Civ. P. 12(b)(6) motion to dismiss: "Th[e] [c]ourt construes the complaint in a light mot favorable to the plaintiff, accepts the factual allegations as true, and determines whether the complaint states a plausible claim for relief." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, Plaintiff fails to address one important prong to the standard for a motion to dismiss—the determination of whether a complaint raises a plausible claim. To satisfy this prong, "[a] plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890 (6th Cir. 2010)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, even if the facts were read in the light most favorable to Plaintiff and accepted as true, Plaintiff's Complaint does not state a plausible claim for relief. No evidence has been presented to this Court for it to find that Plaintiff's Complaint has risen above the level of speculation or mere suspicion. Thus, Plaintiff's Objection is overruled for insufficient evidence.

Fourth, Plaintiff argues that the Court is not treating her the way it would a "normal" *pro se* plaintiff. Plaintiff argues that because she is a European lawyer and not a lawyer trained under the laws of the United States, she should not be held to a prejudicial standard that differentiates her from other *pro se* litigants. Specifically, she alleges that,

> [T]he Honorable Magistrate Judge emphasized at the hearing that Plaintiff as all her *pro se* litigants were required to familiarize themselves to the rules of procedure, while at the same time holding that Plaintiff would not be shown lenience as a *pro se* but treated as an attorney.

(D.E. #86, p. 2). Although Plaintiff is a foreign *pro se* attorney, she possesses a greater propensity and aptitude to comprehend the legal proceedings and applicable laws than a non-attorney *pro se* litigant would. *See Brautigam v. Damon*, No. 11-551, 2012 WL 481844, at n.9 (S.D. Ohio Feb. 14, 2012)("*pro se* attorney plaintiffs are 'not automatically subject to the very liberal standards afforded to a non-attorney pro se plaintiff because an attorney is presumed to have knowledge of the legal system and needs less protections from the court.'"(quoting *Richards v. Duke University*, 480 F.Supp.2d 222, 234 (D.D.C. 2007)). Even if Plaintiff's claims were given the leniency afforded to *pro se* litigants, the Magistrate's analysis and recommendation stands nonetheless. Therefore, Plaintiff's Objection is overruled.

Last, Plaintiff objects to the Magistrate's finding that California law governs the claims in this case. Plaintiff reiterates her allegations from previous filings: 1) the injury took place in Memphis; 2) Defendants' offensive behavior is based upon "their violation of racketeering laws on the very grounds that they have stolen from Plaintiff, i.e. Plaintiff's childhood home" (D.E. #86, p. 2); 3) Defendant's kept strict surveillance on and intimidated Plaintiff and her daughter during their visit to Graceland, which was admitted by the staff at Graceland; and 4) Defendants delivered the August 16, 2011 letter to Plaintiff's daughter—not Plaintiff—which is evidence of

6

defamatory actions. Plaintiff has previously raised all of these arguments in her motion practice, and the claims were appropriately addressed, ruled on, and/or recommended for denial by the Magistrate. The Magistrate is correct in finding that the alleged tortious conduct that forms the basis of Plaintiff's defamation and libel claims occurred in California. Consequently, Plaintiff's Objection is overruled.

### B. Plaintiff's Motion to Strike is denied.

On December 19, 2012, Plaintiff filed her Memorandum of law in support of Plaintiff's Motion to Strike, which served as both a response to Defendants' Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment and as a motion to strike Defendants' Motion. (D.E. #39). Specifically, Plaintiff argues that "[i]n admitting being served accordingly to Plaintiff's holding and being in default, Defendants' motion is untimely and Plaintiff considers it as an attempt to obstruct the procedural rules of court." (D.E. #39-2, ¶ 6).

Fed. R. Civ. P. 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. A "pleading," as defined by Fed. R. Civ. P. 7(a) is: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Generally, motions to strike are disfavored by the court. *See Scott v. The Dress Barn, Inc.*, 2006 WL 870684, *1, No. 04-1298-T/AN, (W.D. Tenn. Mar. 31, 2006).

Defendants CKX's and EPE's Motion to Dismiss serves as their answer to Plaintiff's Complaint, thus, a motion to strike would be an appropriate remedy if Defendants' Motion were found to be insufficient, immaterial, impertinent, or scandalous. However, Defendant's Motion

is sufficient and material to the pleadings in this matter.  Additionally, Defendant's Motion is timely, as evident from this Court's September 19, 2012 Order Granting in Part and Denying in Part the Motion to Dismiss filed by CKX and EPE and Order Directing Plaintiff to Serve CKX and EPE.  (D.E. #33).  In the Order, this Court "denie[d] the motion to dismiss Counts II through V WITHOUT PREJUDICE to the right of CKX and EPE to renew that motion."  (D.E. #33, p. 9).  The Order also required Plaintiff to serve Defendants CKX and EPE within sixty days of the entry of the Order.  On November 2, 2012, the Clerk's Office received notice that the Defendants were properly served on November 15, 2012.  (D.E. #37).  Defendants timely renewed their Motion to Dismiss on December 5, 2012.  Therefore, without evidence showing the Defendants' Motion meets the necessary requirements to be stricken, Plaintiff's Motion to Strike is DENIED.

### III.   CONCLUSION

For the reasons set forth above, the Court Adopts the Magistrate Judge's Report and Recommendation to Grant Defendant's Motion to Dismiss.  Therefore, Defendants CKX's and EPE's Motion to Dismiss is GRANTED.  Alternatively, Defendants' Motion for Summary Judgment is DENIED as MOOT.  Furthermore, Plaintiff's Motion to Strike is DENIED.  Plaintiff's Complaint is DISMISSED with prejudice as to Defendants CKX and EPE.

IT IS SO ORDERED this 2nd day of October, 2013.

BY THIS COURT:

*/s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
United States District Judge