IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

```
                          )
                          )
LISA JOHANSEN,            )
                          )
      Plaintiff,         )
                          )
                          )
vs.                      )
                          )              No. 11-cv-3036-JTF-dkv
                          )
PRISCILLA PRESLEY,       )
NAVARONE GARIBALDI,      )
ELVIS PRESLEY ENTERPRISES, INC.,)
and CKX, INC.,           )
                          )
      Defendants.        )
                          )
```

**ORDER ADOPTING THE MAGISTRATE'S REPORTS AND RECOMMENDATIONS, ORDER GRANTING DEFENDANT'S ORE TENUS MOTION TO DISMISS, GRANTING GARIBALDI'S MOTION TO DISMISS, ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS, ORDER DENYING PLAINTIFF'S APPEAL OF DENIAL OF MOTION TO AMEND FACTFINDING, ORDER DENYING MOTIONS FOR RECUSAL, AND ORDER DENYING MOTION FOR LEAVE**

Before the Court are the Magistrate Judge's Reports and Recommendations filed on June 24, 2013 and October 4, 2013 regarding the *Ore Tenus* Motion to Dismiss Priscilla Presley and Defendant's Motion to Dismiss Navarone Garibaldi.  (DE #75 and DE #112).  On July 3, 2013 and on October 18, 2013, Plaintiff filed Objections to the reports and recommendations, respectively. (DE #85 and DE #113/DE #114).

The Court has reviewed *de novo* the Magistrate Judge's Reports and Recommendations, the legal analyses, Plaintiff's objections in addition to the entire record.  For the reasons stated below, the

1

Court overrules Plaintiff's objections and finds the Magistrate Judge's Reports and Recommendations should be Adopted, the Defendants' Motions to Dismiss pursuant to Fed. R. Civ. 4 (m) and Fed. R. Civ. P. 41(b) should be Granted and the case Dismissed with prejudice.

## I. Findings of Fact and Procedural History

On November 21, 2011, Plaintiff, a Swedish resident currently living in Florida, filed a complaint against Defendants, Priscilla Presley, Navarone Garibaldi (Presley's son), Graceland/Elvis Presley Enterprises, Inc. (EPE), Core Media Group f/k/a CKX, Inc. (owner and operators of Graceland), and unknown parties a/k/a DOES 1-100. Plaintiff contends that after twenty years of investigations she discovered that she is the rightful Lisa Marie Presley and daughter of Elvis Presley.[1]

Plaintiff asserts that despite the Defendants' knowledge of her claims, counsel for the Defendants sent a threatening and intimidating letter to her and her daughter dated August 16, 2011, in order to discourage Plaintiff from contacting authorities to report the alleged identity theft and fraud charges. Plaintiff further claims the letter contained false, defamatory and libelous statements regarding Plaintiff that caused her to suffer harm and

---

[1] Plaintiff also filed a similar action in this Court against various Denmark and Swedish defendants, Case No. 13-2191-JTF-cgc that was dismissed by this Court on Monday, February 24, 2014.

emotional distress leading to this action.  Adopting the Magistrate Judge's proposed findings of fact, the complaint alleges four causes of action: 1) violation of 18 U.S.C. § 1512; 2) libel *per se*; 3) libel and 4) intentional infliction of emotional distress.

On June 5, 2012, the Court entered an Order to Show Cause why the claims should not be dismissed for failure to effect service pursuant to Fed. R. Civ. 4(m) and for failure to prosecute pursuant to Fed. R. Civ. 41.  Plaintiff filed Certificate/Attestations of Service and several motions for Default Judgments against the Defendants.  (DE #10, DE #27-DE #30).  A response in opposition to motion for default was filed by the individual Defendants on June 22, 2012.  (DE #31). On September 19, 2012, the Court subsequently granted Plaintiff an additional sixty (60) days in which to properly serve the Defendants.  (DE #33).  On February 21, 2013, Plaintiff filed a Motion to Amend its Factfinding and Judgments. (DE #46). The Corporate Defendants Core Media Group f/k/a CKX, Inc. and Elvis Presley Enterprises ("EPE") filed a Motion to Dismiss or for Summary Judgment on December 5, 2012.[2] (DE #38).

On June 4, 2013, the matter was referred to the Magistrate Judge for administration, determination, or for report and recommendation

---

[2] The Court entered an order granting default against Garibaldi on February 2, 2013, DE #44, that was set aside on June 20, 2013.  DE #69. Plaintiff was directed to serve Garibaldi no later than July 5, 2013.  In his Motion to Dismiss , Garibaldi confirms that Plaintiff properly served his attorney on July 5, 2013.  DE #99 and DE #99-1.

of all preliminary and pretrial matters pursuant to 28 U.S.C. § 636 (b) and Fed. Rule Civ. P. 1.[3] (DE #60). On June 20, 2013, the Magistrate Judge set a Rule 26(b) Scheduling Conference as well as a hearing on all pending motions. During the hearing, Defendant Presley made an oral motion to dismiss for failure to timely effect service of process pursuant to Fed. R. Civ. P. 4(m). On June 21, 2013, the Magistrate Judge entered an Order Denying Plaintiff's Motion to Amend Factfinding and Judgments pursuant to Fed. R. Civ. P. 52(A)(6). (DE #70). On June 24, 2013, the Magistrate Judge issued her Report and Recommendation regarding Defendant's *Ore Tenus* Motion to Dismiss Priscilla Presley , DE #75, to which Plaintiff filed her objections on July 3, 2013. On June 27, 2013, the Magistrate Judge entered her Report and Recommendation to dismiss Defendants CKX and EPE that was adopted by this Court on October 2, 2013. (DE #111).

Defendant Garibaldi similarly filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on July 10, 2013. (DE #99). The Magistrate Judge issued her Report and Recommendation regarding this motion on October 4, 2013, DE #112, to which Plaintiff filed objections on October 18, 2013. (DE #114 and DE #115).

The Court ADOPTS the Magistrate's Reports and Recommendations to Dismiss Defendants Priscilla Presley and Navarone Garibaldi for the reasons set out below. Also, the Court DENIES Plaintiff's Motion for Sanctions, DENIES Plaintiff's Appeal of the Magistrate's Denial

---

3 The referred pending motions included DE #38, DE #39, DE #44, DE #45, DE #48, DE #49, DE #51 and DE #54.  Several motions have already been resolved leaving the two reports and recommendations, DE #75 and #DE #112, addressed in this Order.

of Motion to Amend Factfinding, DENIES Plaintiff's Motion for Recusal, and DENIES Plaintiff's Amended Motion to Appeal the Denial of Default against Priscilla Presley and Denies Leave to file A Notice of Appeal. (DE #70, DE #82, DE #116, and DE #119).

## I.   LEGAL STANDARD

After referring a dispositive motion to a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), the district judge must review *de novo* a magistrate judge's proposed findings of fact and recommendations in dispositive motions.  The rules provide:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

See 28 U.S.C. §636 (b)(1)(B) and (C); Fed. Rule Civ. P. 72(b);  *Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003). In applying the *de novo* standard, Congress afforded the district judge sound discretion to rely on the Magistrate Judge's proposed findings and determinations*.  U.S. v. Raddatz*, 447 U.S. 667, 676, 100 S.Ct. 2406, 2412, __ L.Ed.__ (1980); *Matthews v. Weber*, 423 U.S. 261, 275 (1976). The Court need not conduct a *de novo* hearing, but must make a *de novo* determination based on the record only to matters involving disputed

facts and findings. *Mira*, 806 F.2d at 637.  However, de *novo* review is not required when the objections to the report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

## II. <u>ANALYSIS</u>

### A.   <u>Report and Recommendation On *Ore Tenus* Motion of Presley for Dismissal Pursuant to Rule 4(m)-(DE #75)</u>

The Magistrate Judge properly determined that Presley's *Ore Tenus* Motion to Dismiss without prejudice should be granted pursuant to Fed. R. Civ. P. 4(m) for ineffective service of process or, in the alternative, as additional grounds, that Presley should be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.  Specifically, the Magistrate concluded that Plaintiff's attempt to serve Presley by mail was ineffective under Tennessee law because the registered mail receipt was not returned nor was it refused as required by Fed. R. Civ. P. 4(e)(2). The Magistrate Judge also found service was ineffective under California law because Plaintiff failed to include an Acknowledgment of Receipt of Summons form to be included in the mailing or, if she had, it was not completed and returned as evidenced by the record.  Ca. Civ. Proc. Code §415.30(a).  The Magistrate Judge noted that although the Court had given Plaintiff additional time in which to properly serve the individual parties, DE #33,

Plaintiff did not do so nor did she hire a private process server as she had with the corporate defendants.[4] Plaintiff filed objections to the Report and Recommendation on July 3, 2013. (DE #85).

Plaintiff objects to the Magistrate Judge's determination that service upon Presley was defective.  She states that she has properly served Presley by amending the proof of service. Also, Plaintiff contends the Hague Convention on service abroad does not require a return receipt when utilizing an Article 10 or Article 19.  The Court finds the provisions of the Hague Convention, a multi-national treaty, are inapplicable to the case at issue.

Article 10 provides methods of service of judicial and extrajudicial documents abroad while Article 19 permits service by any method permitted by the internal laws of the country in which service is made. *Uppendahl v. American Honda Motor Co., Inc*., 291 F.Supp.2d 531, 532 (W.D. Ky. 2003); *Wilson v. Honda Motor Company, Ltd.* 776 F.Supp. 339 (E.D.Tenn. 1991).  Neither provision applies in this case.  The individual defendant at issue in the *Ore Tenus* Motion to Dismiss, Priscilla Presley, is an American citizen who resides in the state of California.  Therefore, service of process is not needed abroad.

---

4 DE #75, pp. 5-6.  The Magistrate Judge also noted that Plaintiff filed a Mail Theft Report to which the Court finds a far-reaching angle in which to avoid not having properly served the Defendant.

Plaintiff's second objection to the Magistrate Judge's Report and Recommendation states that the Defendant's appearance through counsel at the pretrial conference constituted an alleged "forfeiture" of Presley's defective service of process. (DE #85). Plaintiff contends:

> The explicit refusal of Ms. Priscilla Presley to be served or to authorize her counsel without inhibition and counsel's violation of professional conduct and procedural law appearing at the hearing in without inhibited authorization. [sic]See also Plaintiff's motion for sanctions filed simultaneously.
>
> . . . ., in any case Ms. Priscilla Presley's appearance in these proceedings on June 22, 2012 constitutes adequate receipt of Service of Process since the purpose of the summons[es] have been accomplished i.e. the appearance of the defendant in the process.[5]

The Court finds this objection should also be overruled.

A defendant's awareness that he has been sued is not legally persuasive regarding whether the party has been properly served. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991). Plaintiff erroneously states that the Defendants appeared at a Rule 16(b) pretrial conference before the Magistrate Judge where they forfeited the right to contest service. She further objects that counsel refused her attempts to re-serve the individual Defendants at that time.

---

5 DE #85.

The proceeding conducted by the Magistrate Judge on June 20, 2013 was a Motions Hearing/Rule 26(b) Scheduling Conference. (DE #59 and DE #67).  Defendants' appearance through counsel, at said Rule 26(b) Scheduling Conference/Motion Hearing is not deemed a general appearance when counsel has previously asserted a defense to the action for lack of service. *Friedman*, 929 F.2d at n.7 (noting that an appearance by counsel, filed after properly raising lack of proper service in the first responsive pleading, did not waive the defense). *King v. Taylor*, 694 F.3d 650, 661(6th Cir. 2012); *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 532 (6th Cir. 2010); *Datskow v. Teledyne, Inc., Continental Products, Div.,* 899 F.2d 1301, 1303 (2nd. Cir. 1990)(a defendant forfeited its defense of improper service by including the defense in tis answer and then waiting four months to raise the defense in a motion, before which time it attended a scheduling conference where the defense was never mentioned).

In this case, Defendants initially included the defense of improper service in their Response to Plaintiff's Application for Default, DE #31, filed on June 22, 2012.  Further the issue of improper service was raised in the Corporate Defendants' Motion to Dismiss filed on February 28, 2012. (DE #15). Defendants raised the issue of service again in their *Ore Tenus* Motion to Dismiss made during the actual Rule 26(b) scheduling conference.  (DE #67). It was again raised in the Motion to Dismiss filed by Navarone Garibaldi

filed on July 10, 2013. (DE #99). Further, Defendants also noted their intent to rely on dismissal of all claims against them for Plaintiff's lack of proper service in their response to Plaintiff's Rule 52 Motions for Default Judgments. (DE #50). Accordingly, Defendants have not forfeited the defense of lack of service by either delaying to assert it or by extensively participating in this matter.

The Magistrate Judge correctly points out that Plaintiff was well aware of the defective service issues in her case.  The Court had given Plaintiff an opportunity to correct these issues or show cause for her failure to comply with Fed. R. Civ. P. 4(m).[6] As such, Plaintiff had a duty to correct the defective service as directed by the Court on September 19, 2012, in order to avoid dismissal for failure to prosecute. Instead, Plaintiff chose to assert a mail theft allegation rather than simply resending the complaint and summons with an Acknowledgement of Receipt of Summons as required by California Law or a Certified Return Receipt as required by Tennessee law.

Next, Plaintiff objects that during the Motion Hearing and Scheduling Conference before the Magistrate Judge, Defendants refused, through counsel, to accept "re-service" of process. Included in her objections, Plaintiff argues that counsel's conduct is a basis for sanctions. Fed. R. Civ. P. Rule 11(c)(2) provides:

---

6 DE #26, DE #33, and DE #44.

**(2) Motion for Sanctions.** A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees incurred for the motion.

In other words, Plaintiff's request for sanctions is improperly presented to the Court. The requirement that a motion for Rule 11 sanctions be made separately from other motions or requests prohibits movant from burying the Rule 11 motion within her objections to the Magistrate's Report and Recommendation. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997). Moreso, the test for imposition of Rule 11 sanctions is whether the attorney's conduct was reasonable under the circumstances. *Mann v. G & G Mfg., Inc*. 900 F.2d 953, 958 (6th Cir. 1990), *cert. denied*, 498 U.S. 959, 111 S.Ct. 387, 388 112 L.Ed.2d 398 (1990). In this instance, the Court finds there was nothing unreasonable about counsel's alleged refusal to accept service of process during the Motion Hearing when the parties had affirmatively asserted lack of proper service as the basis for the dismissal of all claims against them. Finally, the Court must note that the minutes from the hearing held before the Magistrate Judge indicate that counsel for Defendant Garibaldi would accept

service, thereby contradicting Plaintiff's claims in this motion. (DE #67).

**B.     Report and Recommendation On Navarone Garibaldi's Motion to Dismiss Pursuant to Rule 12(b)(6)–(DE #112)**

Garibaldi asserts that the same issues raised against him were fully briefed and addressed in the Magistrate Judge's Report and Recommendation and the Court's Order adopting said report that dismissed the corporate Defendants.  Therefore, Garibaldi has filed a motion to dismiss Counts II, III, IV and V against him for those reasons. (DE #99). Accordingly, the Magistrate Judge has recommended that the Court also grant Garibaldi's Motion to Dismiss for failure to state a claim against him pursuant to Fed. R. Civ. 12(b)(6).(DE #112).[7]

The Magistrate Judge previously recommended granting CPX and EPE's motion to dismiss for failure to state a claim because: 1) the Defendants were absolutely immune from claims of libel, intentional infliction of emotional distress and civil conspiracy based on the "litigation privilege" provided by Ca. Civ. Code § 47, and 2) the August 16, 2011 publication was never published to a third party thereby failing to establish a defamation claim.[8]

---

7 Plaintiff did not file a response to the Defendant Garibaldi's Motion to Dismiss.

8 DE #80.  The Magistrate Judge added that even had she applied Tennessee substantive defamation law, the result would have still been the same.

Plaintiff filed objections to this Report and Recommendation on October 18, 2013. (DE #114 and DE #115).[9] The Court found only two relevant objections to the Magistrate's Report and Recommendation to dismiss Garibaldi that: 1) Garibaldi may be held vicariously liable because he does not have the defense of non-agency or attorney-client privilege, and 2) Garibaldi participated in the conspiracy to publish the letter forming the basis for this action. Although Plaintiff reiterates facts found in her complaint and within her other motions, she cites no relevant case law or offers any new information regarding this defendant, Navarone Garibaldi, and his alleged involvement in this purported conspiracy. Also, the Court finds no agency relationship between Presley's son and the other alleged corporate defendants that have already been dismissed.

As previously addressed, the August 16, 2011 letter at issue was not published by Garibaldi or any of the other named Defendants. Plaintiff fails to allege any reasonably plausible facts in her complaint or in her objections to the Report and Recommendation that Garibaldi committed libel, defamation or any other acts of intimidation and harassment towards Plaintiff or her family. The objections are merely a frustrated litany of complaints and far-reaching conclusions that the Court finds frivolous,

---

9 DE #114 and DE #115 are identical documents.  The Objections begin with a discussion of the Magistrate's prior Report and Recommendation, DE #75, regarding Priscilla Presley that are irrelevant to the recommendation regarding Garibaldi. Therefore, the Court finds no need to address those objections for the second time.

inconsequential and irrelevant to the issue of Garibaldi's dismissal from this case. In summary, the Court overrules all of Plaintiff's objections to the Magistrate Judge's Report and Recommendation to dismiss Garibaldi and Grants Garibaldi's Motion to Dismiss.

### C. **Plaintiff's *Pro Se* Motions for Recusal-(DE #116 and DE #120)**

Plaintiff has filed motions seeking the disqualification of this Court as presiding Judge and the appellate court reviewing the Magistrate's determinations as well as disqualification of the Magistrate Judge based on impartiality and bias. (DE #116 and DE #120). Plaintiff challenges the ability of this Court to conduct a *de novo* review of the Magistrate Judge's proposed findings and recommendations. On February 28, 2014, Plaintiff filed a second motion for this Court's recusal, DE #120, where she contests the Court's rulings in Plaintiff's other matter, Case No. 13-cv-2131, as severely prejudicial and biased. (DE #120-1). Plaintiff challenges both Judges because the Magistrate Judge deferred to the District Court's adoption of her prior Report and Recommendation regarding the corporate Defendants. The Defendants filed their response to Plaintiff's Motion for Recusal on October 24, 2013. (DE #117).

Regarding Plaintiff's request for Magistrate Judge Vescovo's recusal, Plaintiff asserts that, "in the mind of a reasonable and impartial person would give rise to the suspicion of what appears to be bias and a prejudicial attitude towards Plaintiff." [sic] Oddly, Plaintiff continues that the Magistrate Judge treated her as

14

a lawyer instead of a *pro se* Plaintiff which has worked to her disadvantage. As a trained lawyer from another country, Plaintiff claims she was at greater risk than an untrained *pro se* litigant who "knows that he does not know any law." Finally, Plaintiff contends the Magistrate Judge interjected her own opinion in place of a jury and failed to construe the complaint most favorably to the Plaintiff.[10]

Twenty-eight U.S.C. § 455 provides, in pertinent part:

### §455. Disqualification of justice, judge, or magistrate judge

(a)  Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)  He shall also disqualify himself in the following circumstances:

(1)  Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

28 U.S.C. § 455(a), (b)(1).

Twenty-eight U.S.C. § 144 states:

### § 144. Bias or prejudice of a judge
Whenever a party to any proceeding in a district makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias and prejudice either against him or in favor of

---

[10] Plaintiff previously alluded to her discontent with some of the Magistrate Judge's rulings in her objections filed on October 18, 2013. However, none of these objections were indicative of the Magistrate Judge's alleged impartiality.  DE #114. Also, in her objections to the Magistrate Judge's Report and Recommendation regarding Garibaldi, Plaintiff objected to the Magistrate's repeated references to her Swedish heritage by noting she was born in Memphis, Tennessee. DE #114.

any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Recusal motions, whether brought under Section 455 or Section 144, are matters committed to the sound discretion of the assigned district judge. *In re M. Ibrahim Khan, P.S.C. v. Yusufji,* 751 F.2d 162, 165 (6th Cir. 1984); *Kelley v. Metropolitan County Bd. of Ed.,* 479 F.2d 810, 811 (6th Cir. 1973). The Sixth Circuit has explicitly decided that disqualification under both § 455(a) and § 144 must be predicated on extrajudicial conduct rather than judicial conduct. *Green v. Nevers*, 111 F.3d 1295, 1303-04 (6th Cir. 1997)

Allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Easley v. Univ. of Michigan Bd. of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir. 1988). The Sixth Circuit clarified that in order for personal bias to be disqualifying, the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Parker v. Sill*, 989 F.2d 500 at *2 (6th Cir. 1993); and *United States v. Hatchett*, 978 F.2d 1259 at *4 (6th Cir. 1992).

16

"Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Id.* at *3.

Disqualification is required "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989). That standard is an objective one, and "is not based on the subjective view of a party." Id.  Ultimately, a judge's decisions are not biased merely because the judge has a particular point of view on the law. *Parchman v. U.S. Dep't. of Agriculture*, 852 F.2d 858, 866 (6th Cir. 1988).

It is indisputable that Plaintiff's allegations of bias and prejudice only pertain to the Magistrate Judge's judicial rulings in the case.  There are no facts, affidavits, or evidence in the record that establish objective personal bias arising from any other source other than the Magistrate Judge's participation in this case.

The Court draws the same conclusion regarding Plaintiff's requests for this Court's recusal. There have been no allegations of personal bias against this Court other than the fact the Court adopted the Magistrate Judge's former Report and Recommendation in her first Motion for Recusal.  In the last Motion for Recusal filed on February 28, 2014, Plaintiff alleges that the Court's Order, DE #84, that dismissed her related case violated her Fourth, Seventh and Fourteenth Amendments of the United States Constitution.[11] This

---

11 DE #121-1, p. 2; See also DE #84 filed on February 24, 2014 in *Lisa Marie Presley v. JP/Politikens HUS,* Case No. 13-cv-2191-JTF-cgc.

motion also fails to allege any bias or prejudice against Plaintiff other than the Court's participation as Presiding Judge in both of Plaintiff's cases filed in this district court.

In her second Motion for Recusal, Plaintiff characterizes the Court's ruling regarding her domicile in the related case erroneous; states the Court incorrectly cited the contradictions in both complaints regarding her citizenship; opines that the Court's rulings were inaccurate, biased and prejudicial, and finally argues the Court's final decision that her claims in that matter had no basis in fact was unfavorable and improper. She requests that all rulings by this Court in that matter be vacated. Again, an adverse ruling by a Court, does not render the Court biased and prejudicial as asserted by Plaintiff. Any challenges Plaintiff may have to the rulings in that case by this Court will ultimately be addressed by the Sixth Circuit as needed during the appellate process.[12] The Supreme Court has ruled that opinions held by judges as a result of what they learned in earlier proceedings are not "bias" or "prejudice" requiring recusal. *Liteky v. U.S.,* 510 U.S. 540, 551, 114 S.Ct. 1147, 1155, 127 L.Ed.2d 474 (1994).

Finally, Plaintiff's Motions for Recusal were not filed in accordance with the procedural directives that require a timely affidavit within ten (10) days of the scheduled proceedings. Plaintiff has no basis for seeking disqualification of the Magistrate Judge and the District Judge assigned to this case particularly at this late stage in the case and prior to rulings on the Defendant's

---

12 Plaintiff filed her Notice of Appeal in that case on February 27, 2014, DE #86.

18

last motion to dismiss.   Therefore, Plaintiff's Motions for Recusal, DE #77 and DE #120, are both DENIED.

   D. **Plaintiff's Motion to Appeal, Amended Motion of Appeal of Denial of Default against Priscilla Presley and Motion for Leave to File an Appeal - (DE #82, DE #100, DE #101 and DE #119)**

   The district court has appellate jurisdiction over any decision the Magistrate Judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review applied by the district court depends on the nature of the matter the magistrate judge considers.   Plaintiff has filed Motions to Appeal two rulings by the Magistrate Judge on non-dispositive matters: 1) the Denial of Plaintiff's Motion for Leave to Amend Factfinding and 2) Pro Se Notice of Appeal of Denial of Order to Amend/Correct Complaint.   (DE #82 and DE #101).

   This Court reviews non-dispositive rulings and recommendations by the Magistrate Judge under the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a); *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2000).

   The Court has reviewed these non-dispositive motions, the Magistrate Judge's determinations for clear error, as well as, Plaintiff's objections in her Notices of Appeal.   Plaintiff has failed to demonstrate that Magistrate Judge Vescovo's rulings are clearly erroneous or contrary to law.   The Court determines that

19

Judge Vescovo's rulings are based on well-established procedural rules and case law governing discovery at this stage of the case.

Lastly, Plaintiff asks for thirty (30) days after the Court's ruling on her objections to the Reports and Recommendations and prior Orders of the Court in which to file her appeal. (DE #119).  Now that the Court has ruled on all pending motions in this case and determined the case should be dismissed, Plaintiff may file a Notice of Appeal to the United States Appellate Court if she so choses in accordance with Fed. R. App. P. 3.  As such, Plaintiff's *Pro Se* Motion for Leave of Court is DENIED.

### III. <u>CONCLUSION</u>

The Court ADOPTS the Magistrate's Reports and Recommendations, DE#75 and DE #112, to Grant Defendant Priscilla Presley's *Ore Tenus* Motion to Dismiss and to Grant Defendant Navarone Garibaldi's Motion to Dismiss, DE #99, for the reasons set out above.  Also, the Court DENIES Plaintiff's Motion for Sanctions included in her objections to the Magistrate's Report, DE #85, DENIES Plaintiff's Appeals of the Magistrate's Denial of Motion to Amend Factfinding, DE #82, and Appeal of her Denial of Motion for Leave to Amend Complaint, DE #101, DENIES Plaintiff's Motions for Recusal, DE #116 and DE #120, and finally DENIES Plaintiff's *Pro Se* Motion for Leave of Court. (DE #119).

The Court having ruled on all pending motions and finding the claims against all Defendants should be dismissed and the appeals to this Court without merit, orders this case closed.

**IT IS SO ORDERED** on this the 6th day of March 2014.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE